UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ZAHRA FAKOURSANI AND ARMIN DAVACHI MIANDOAB,

Plaintiffs,

v.

BROKER SOLUTIONS INC d/b/a NEW AMERICAN FINANCING et al.,

Defendants.

CASE NO. 2:25-cv-02666-JHC

ORDER

**I**

**INTRODUCTION**

This matter comes before the Court on pro se Plaintiffs' ex parte emergency motion for a temporary restraining order (TRO).  Dkt. #  33.  For the reasons below, the Court DENIES the motion.

**II**

**BACKGROUND**

Plaintiffs' TRO appears to arise out of a mortgage foreclosure proceeding.  *See generally* Dkt. # 33.  Plaintiffs say that their residence in Snohomish County is subject to a foreclosure sale scheduled for February 20, 2026.  *Id.* at 3.  They say that the deadline to halt this sale is February

ORDER - 1

9, 2026. *Id.* Plaintiffs allege that the foreclosure sale is invalid because it is based on "forged, fabricated, unsigned, unnotarized, and jurisdictionally void instruments, including a forged Power of Attorney" created by one of the named Defendants. *Id.* at 1. Plaintiffs say that "[a]bsent immediate intervention, Defendants will complete a trustee's sale to erase the evidentiary trail of interstate federal forgery, launder void instruments through recordation, and cleanse title so the property can be transferred to a subsequent purchaser as the next victim, thereby mooting judicial review and permanently obscuring evidence." *Id.*

Plaintiffs' Amended Complaint alleges that Defendants engaged in a "coordinated, multi-state racketeering enterprise that engaged in systematic mortgage fraud, criminal document forgery, post-closing fabrication of instruments, circumvention of a federal bankruptcy discharge, and unlawful foreclosure activity," in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO). *See* Dkt. # 21 at 2. Plaintiffs seek nearly $100 million in damages. *Id.* at 29–30.

### III

#### DISCUSSION

A.      Standard for TRO

The standard for issuing a TRO is the same as the standard for issuing a preliminary injunction. *Juarez v. Asher*, 556 F. Supp. 3d 1181, 1186 (W.D. Wash. 2021) (citing *New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2, 98 (1977)). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate (1) 'that [they are] likely to succeed on the merits, (2) that [they are] likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in [their] favor, and (4) that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

ORDER - 2

B.    Analysis[1]

Plaintiffs' TRO motion lacks clarity, making it difficult for the Court to determine whether Plaintiff is entitled to relief. The motion does not state how Plaintiffs came into possession of the subject property or the basis on which Defendants allegedly seek to foreclose on it. Plaintiffs say in conclusory fashion, that the foreclosure is fraudulent since it is based on forged instruments and that it is part of Defendants' conspiracy. Dkt. # 33 at 3. Plaintiffs state in their motion that a "related bankruptcy adversary proceeding for willful violation of the Chapter 7 discharge, concerning this same loan and these same Defendants, is pending." Dkt. # 33 at 3. But Plaintiffs do not state how the bankruptcy proceeding, if it exists, allegedly covering the same mortgage loan, connects to the present TRO.

It is true that foreclosure "under certain circumstances may constitute irreparable harm." *Mandrigues v. World Sav., Inc.*, 2009 WL 160213, at *3 (N.D. Cal. Jan. 20, 2009) (collecting cases). But "whether a particular foreclosure constitutes irreparable harm turns in part on the reasons for foreclosure." *Id.* (citing *Parker v. U.S. Dep't of Agric.*, 879 F.2d 1362, 1367–68 (6th Cir. 1989). In other words, the forced sale of a residence by itself does not rise to the level of irreparable harm necessary to justify a TRO. For example, courts have found irreparable harm would result from a foreclosure sale when it would impact dependent family members. *See Nichols v. Deutsche Bank Nat'l Tr. Co.*, 2007 WL 418111, at *3 (S.D. Cal. Nov. 21, 2007) (finding irreparable harm because the plaintiff's "father, who is severely ill, resides at the [p]roperty and likely would be severely impacted if he had to leave"); *Shaw v. Specialized Loan Servicing, LLC*, 2014 WL 3362359, at *1–3 (C.D. Cal. July 9, 2014) (irreparable harm where foreclosure would result in family homelessness and children moving schools).

---

[1] Regarding notice, the Court notes that Plaintiff appears to have complied with Rule 65(b). *See* Dkt. ## 33 at 4–5; 33-1; 33-2 (fax receipts and emails to Defendants).

ORDER - 3

Here, Plaintiffs' motion provides almost no facts about why the sale would result in irreparable harm.  Plaintiffs say only that the sale, if it went through, would result in the "loss of Plaintiffs' home, destruction of evidence, and obstruction of ongoing federal and state investigations."  Dkt. # 33 at 4.  First, as covered above, the loss of a residence is not by itself sufficient to show irreparable harm.  Second, Plaintiffs do not say why the sale would result in destroyed or spoliated evidence nor why it would result in an obstruction of any federal and state investigations, even assuming they exist.  These are conclusory statements that do not provide the Court a basis to find irreparable harm.  In *Espinoza v. Mroczek*, a court in this Circuit rejected an ex parte motion for a TRO in similar factual circumstance because the plaintiff's only argument for irreparable injury was that the defendants "'did not have legal authority to execute the power of sale clause,'" a conclusory statement "insufficient to establish irreparable harm." 2023 WL 1869182, at *3 (E.D. Cal. Feb. 9, 2023).  The same applies here.  But moreover, Plaintiffs barely allege facts that allow the Court to make sense of the situation.  Plaintiffs do not describe the financial instrument by which they acquired the residence and on which they say Defendants are foreclosing on their home.  They allege a range of forged documents, but not what those documents are or why they are important.  They provide no details about the allegedly related bankruptcy proceeding.  In other cases, courts have granted TROs or preliminary injunctions preventing foreclosure sales where the plaintiffs have made much more specific factual showings.  *See, e.g.*, *Anderson v. Specialized Loan Servicing*, 2019 WL 917055, at *1–2, 5 (C.D. Cal. Feb. 25, 2019) (describing specific facts and circumstances related to mortgage issue); *Shaw*, 2014 WL 3362359, at *1–3 (same).

Because Plaintiffs have not shown irreparable harm, the Court need not reach the issue of that harm's imminence or the other *Winter* factors.

ORDER - 4

## IV

### CONCLUSION

For the reasons above, the Court DENIES Plaintiffs' TRO motion.

Dated this 6th day of February, 2026.

John H. Chun
United States District Judge

ORDER - 5