UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ZAHRA FAKOURSANI AND ARMIN
DAVACHI MIANDOAB,

                Plaintiffs,

        v.

BROKER SOLUTIONS INC d/b/a NEW
AMERICAN FINANCING et al.,

                Defendants.

CASE NO. 2:25-cv-02666-JHC

ORDER

**I**

**INTRODUCTION**

This matter comes before the Court on pro se Plaintiffs' "Emergency Motion for Preliminary Injunction to Enjoin Foreclosure Proceedings Predicated on a Forged Power of Attorney, Prevent Ongoing RICO Violations, and Preserve the Subject Property."  Dkt. # 38. The Court has considered the materials filed in support of and in opposition to the motion, the

ORDER - 1

rest of the file, and the governing law.  Being fully advised, for the reasons below, the Court DENIES the motion.[1]

## II

### DISCUSSION

A preliminary injunction is "an *extraordinary remedy* that may only be awarded upon a *clear showing* that the plaintiff is entitled to such relief."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 23 (2008) (emphasis added).  "A plaintiff seeking a preliminary injunction must establish that [they are] likely to succeed on the merits, that [they are] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest."  *Id*. at 20.  The Ninth Circuit has adopted a "sliding scale approach," which may allow for a preliminary injunction when a plaintiff can only show there are "serious questions going to the merits," but "'the balance of hardships tips sharply in the plaintiff's favor.'"  *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

Plaintiffs do not satisfy any of the above standards.  To be sure, their motion suffers from deficiencies similar to those in their prior motion for a temporary restraining order.  *See* Dkt. ## 33 & 37.  First, they do not establish a likelihood of success on the merits.  Rather, for the reasons presented by Defendants, Dkt ## 45 & 49, the subject motion appears wholly without merit.  Second, even assuming the motion had merit, Plaintiffs still do not establish irreparable harm.  *See* Dkt. # 37.  The motion purports to show such harm, Dkt. # 38 at 24-25, but offers only conclusory assertions and does not claim such harm with respect to either Plaintiff.  In

---

[1] The Court GRANTS Defendants' request for judicial notice, Dkt. # 46, and DENIES Plaintiffs' request to strike, Dkt. # 53.  Moreover, even if the Court disregarded the judicially noticed documents, it would still deny Plaintiff's motion for a preliminary injunction.

ORDER - 2

short, Plaintiffs do not demonstrate why money damages would not suffice as a remedy. And third, even assuming Plaintiffs showed a serious question going to the merits—which they do not—given the lack of any showing as to irreparable harm, they do not show that the balance of hardships tips in their favor, much less sharply.

In light of the foregoing, the Court DENIES the motion.

Dated this 24th day of February, 2026.

John H. Chun
United States District Judge

ORDER - 3