IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

ZAHRA FAKOURSANI and ARMIN DAVACHI MIANDOAB,

Plaintiffs,

v.

BROKER SOLUTIONS, INC., et al.,

Defendants.

Case No.: 2:25-cv-02666-JHC

**ORDER**

Before the Court is pro se Plaintiffs' Motion for Reconsideration.  Dkt. # 75.  For the reasons below, the Court DENIES the motion.

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

LCR 7(h)(1).  Plaintiffs fail to meet this standard.  They show neither manifest error nor new facts or authority that could not have been brought to the Court's attention earlier with reasonable diligence.

First, Plaintiffs failed to file a timely response to the motion to dismiss, *see* LCR 7(d)(4) (setting deadline to respond) & Dkt. # 71, and the Court properly considered this failure as an admission that the motion to dismiss had merit.  *See* LCR 7(b)(2) & Dkt # 72.  *After* the moving

ORDER - 1

Defendants filed their notice of no opposition, Dkt. # 71, and *after* the Court issued its order, Dkt. # 72, Plaintiffs filed their untimely response.  Dkt. # 73.  In their reconsideration motion, Plaintiffs claim "excusable neglect"—but they provide no excuse for their neglect.  Thus, their failure to timely respond to the motion to dismiss is an independent reason for denying their motion for reconsideration.

But second, even if Plaintiffs' response to the motion to dismiss had been timely—which it was not—it does not present a reason to grant the reconsideration motion.  The moving Defendants argue in the motion to dismiss that, because of the result of a previous state court action, the doctrine of collateral estoppel bars Plaintiffs' claims.  Dkt. # 50 at 6-7.  Yet Plaintiffs do not argue that the doctrine does not apply.  *See* generally Dkt. # 73.  Plaintiffs do say that the "state court dismissal cited by Defendants was procedural and based solely on issues of service."[1]  *Id.* at 11.  But that is incorrect.  The order at issue states, "Plaintiff's claims are dismissed for failure to state a claim, *with prejudice*."  Dkt. # 46 at 69 (emphasis added).[2]  Thus, collateral estoppel is an independent reason for denying the motion for reconsideration.

Next, the moving Defendants provide extensive argument on why the allegations in the amended complaint fail to state a claim, including a RICO cause of action.  Dkt. # 50 at 7-12.  Plaintiffs do not meaningfully engage with these arguments.  Instead, they provide conclusory statements without a single citation to any allegation in their amended complaint.  *See* Dkt. # 73 at 3.[3]  *Id.* at 4.  Thus, the failure to state a claim is an independent reason for denying the motion

---

[1] This appears to be a false statement.  If Plaintiffs make any more false statements to the Court, they will be ordered to show cause why they should not be subject to sanctions, including monetary sanctions.

[2] Plaintiffs offer no legitimate reason not to take judicial notice of this document or any of the others at Dkt. # 46.  And the Court already granted the request.  Dkt. # 61 at 2 n.1.

[3] Even though the motion to dismiss takes issues with the allegations in the amended complaint, without providing citations, in numerous places, Plaintiffs refer extensively to the documentary record.  *See* Dkt. # 73 at 4-11.  Plaintiffs did file an untimely request for judicial notice.  Dkt. # 74.  Even if the

ORDER - 2

for reconsideration.[4]

For the reasons above, the Court DENIES the motion for reconsideration.[5]

Dated this 19th day of March, 2026.

John H. Chun
United States District Judge

---

Court granted that request, it would not make a difference in this analysis.  First, the request includes inappropriate argument that cannot be judicially noticed.  *Id.* at 3-4.  And second, the attached documents do not address the deficiencies identified in the motion to dismiss.  To be sure, Plaintiffs do not clearly "connect the dots" as the how the documents ultimately support denial of the motion to dismiss.

[4] Plaintiffs say that "discovery is required."  Dkt. # 73.  But that cannot be the case when collateral estoppel bars their claims and they fail to state a claim.

[5] Plaintiffs say that Plaintiff Miandoab was not served with the motion to dismiss.  Dkt. # 75 at 4. This strikes the Court as disingenuous.  Nearly all—if not all—substantive filings by Plaintiffs in this matter have been by Plaintiff Fakoursani.  *See generally* Dkt.  Furthermore, Plaintiffs have the same address.  *See* Dkt. # 2.  Plaintiff Fakoursani does not claim that she was not served; nor does she claim prejudice.  Plaintiff Fakoursani signed up for e-filing and service.  As Plaintiffs note, Plaintiff Miandoab "is not registered to CM/ECF electronic service."  Dkt. # 75 at 4.  And the moving Defendants certified that service on both Plaintiffs was accomplished.  Dkt. # 50 at 13.

ORDER - 3