IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

ZAHRA FAKOURSANI and ARMIN
DAVACHI MIANDOAB,

                Plaintiffs,

   v.

BROKER SOLUTIONS, INC. et al.

                Defendants.

Case No.: 2:25-cv-02666-JHC

**ORDER**

    This matter comes before the Court on New American Funding, LLC f/k/a Broker Solutions, Inc. d/b/a New American Funding, Kevin English, and Indira Zuniga's Motion to Deem Plaintiffs Vexatious Litigants. Dkt. # 65. The Court has considered all materials filed in support of and in opposition to the motion, including Plaintiffs' untimely response (which provides little reason to deny the motion), Dkt. # 78, and Defendants' reply, Dkt. # 80. The motion presents a close call for the Court, but for the reasons below, the Court DENIES it.

    First, as the moving Defendants acknowledge, the type of order they seek is an extreme remedy and should rarely be filed.

    Second, the Court is mindful that Plaintiffs are pro se and may thus have more difficulty comprehending legal doctrines, such as collateral estoppel (*see* Dkt. # 76 at 2), and ultimately

ORDER ON MOTION TO DEEM
VEXATIOUS LITIGANTS - 1

what is frivolous.  Charitably viewed, Plaintiffs' conduct in their series of litigation with the moving Defendants may simply reflect strenuous but misguided efforts by pro se parties to use the legal system to avoid foreclosure of their residence.  And the Court did not explicitly warn Plaintiffs about frivolous filings.

Third, Plaintiffs' conduct is distinguishable from the type of conduct recently deemed vexatious by other courts in this District.  *See, e.g.*, *Miller v. Apple Inc.*, 2025 WL 2402036 (W.D. Wash. August 19, 2025) (involving over 55 filings, consisting mostly of "notices" with no procedural purpose); *Benshoof v. Admon*, 2025 WL 474687 (W.D. Wash. February 11, 2025) (ten cases filed against various defendants within three years); *McGlown v. Asia People's Republic*, 2023 WL 5509257 (W.D. Wash. August 25, 2023) (involving "profligate IFP case filings").  Nor do the moving Defendants present case law with a similar fact pattern.

Notwithstanding the foregoing, the Court is deeply concerned over how Plaintiffs' litigation conduct has affected the moving Defendants, including the expense incurred in defending against the claims.  And if Plaintiffs file another lawsuit against them, a vexatious litigant order may be warranted—Plaintiffs should consider themselves so warned.  But at the present time, under the present circumstances, with some hesitation, the Court declines to enter such an order.

For the above reasons, the Court DENIES the motion.

Dated this 26th day of March, 2026.

John H. Chun
United States District Judge

ORDER ON MOTION TO DEEM
VEXATIOUS LITIGANTS - 2