**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

ZAHRA FAKOURSANI and ARMIN DAVACHI MIANDOAB,

Plaintiffs,

v.

BROKER SOLUTIONS, INC, d/b/a NEW AMERICAN FUNDING; MTC FINANCIAL, d/b/a TRUSTEE CORPS; and IDAHO HOUSING & FINANCE ASSOCIATION, d/b/a HOMELOANSERV,

Defendants.

Case No. 2:25-cv-02666-JHC

**ORDER GRANTING IDAHO HOUSING & FINANCE ASSOCIATION'S MOTION TO DISMISS WITH PREJUDICE**

THIS MATTER comes before the Court on Defendant Idaho Housing & Finance Association's (IHFA) Motion to Dismiss with Prejudice. Dkt. # 117. The Court has considered the materials submitted in support of and in opposition to the motion, the rest of the file, and the governing law. Being fully advised, for the reasons below, the Court GRANTS IHFA's request for judicial notice (Dkt. # 118), GRANTS the motion (Dkt. # 117), and DISMISSES all claims against IHFA with prejudice.

IFHA bring this motion under Rule 12(b)(6). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true, and construe them in the light most favorable to the non-moving party." *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). In a pro se action, the court must also "construe the pleadings liberally and [ ] afford the [pro se plaintiff] the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)). But pro se or not, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555); *see also In re VeriFone Sec. Litig.*, 11 F.3d 865, 868 (9th Cir. 1993) ("Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). And a court can (and should) dismiss a complaint if it lacks a "cognizable legal theory" or "sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

The Court agrees with IFHA that the amended complaint (Dkt. # 21), even liberally construed, fails to state a civil RICO claim. *See* Dkt. # 117 at 12-14; Dkt. # 124 at 3-4. It fails to plead any required predicate act. *See id.* The Court also agrees that the doctrine of res judicata bars Plaintiffs' claims. *See* Dkt. # 117 at 14-17; Dkt. # 124 at 4. As any amendment to the amended complaint would thus be futile, the Court DISMISSES all claims against IFHA with prejudice.

Dated this 14th day of August, 2026.

John H. Chun
United States District Judge