UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZAHRA FAKOURSANI AND ARMIN DAVACHI MIANDOAB,<br><br>Plaintiffs,<br><br>v.<br><br>BROKER SOLUTIONS INC d/b/a NEW AMERICAN FINANCING et al.,<br><br>Defendants. | CASE NO. 2:25-cv-02666-JHC<br><br>ORDER |

## I

## INTRODUCTION

This matter comes before the Court on Plaintiffs' Motion for Default Judgment Against Defendant First American Mortgage Solutions. Dkt. # 114. The Court has considered the motion, the materials filed in support of the motion, the rest of the record, and the governing law. Being fully advised, for the reasons below, the Court DENIES the motion and DISMISSES Plaintiffs' claims against First American with prejudice.

## II

## BACKGROUND

The amended complaint brings claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c)-(d). *See* Dkt. # 21. It broadly alleges that Defendants violated RICO by acting as an enterprise to "utilitze[] interstate mail and wire facilities to fabricate, notarize, transmit, and record void mortgage instruments," thereby committing mail fraud (18 U.S.C. § 1341) and wire fraud (18 U.S.C. § 1343). Dkt. # 21 at 2.

Plaintiffs contend that collectively Defendants forged signatures on mortgage instruments, including a deed of trust and power of attorney that Plaintiffs say they never knew existed, and mailed these instruments between states. Dkt. # 21 at 5-6. Plaintiffs allege that the power of attorney was prepared by a notary, processed through First American, transmitted to Rainier Title LLC, recorded in Snohomish County, and then returned to First American. Dkt. # 21 at 9. They contend that language on the power of attorney stating that it should be returned to First American after it was recorded "establishes knowing participation in the preparation and transmission of a forged writing." Dkt. # 21 at 9. Plaintiffs further claim that "[t]hrough its role in post-closing processing and document custody, First American Mortgage Solutions facilitated interstate transmission of forged instruments and knowingly advanced the Enterprise's scheme to manufacture authority and evade regulatory and judicial scrutiny." Dkt. # 21 at 19.

Because First American has not appeared in this action, the Clerk entered default. Dkt. # 111. Plaintiffs now move for default judgment against First American, seeking more than $30,000,000. *See* Dkt. # 114.

## III

## DISCUSSION

If a defendant fails to plead or otherwise defend, "the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Then, upon a plaintiff's request or motion, the Court may grant default judgment for the plaintiff. Fed. R. Civ. P. 55(b)(2); *see Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). On default judgment motions, "[t]he court must accept all well-[pleaded] allegations of the complaint as established fact, except allegations related to the amount of damages." *UN4 Prods., Inc. v. Primozich*, 372 F. Supp. 3d 1129, 1133 (W.D. Wash. 2019) (citing *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)). Courts typically consider these seven factors when evaluating a request for a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Because default judgments are disfavored, "[d]efault judgment is appropriate only if the well-pleaded factual allegations of the complaint suffice to establish a plaintiff's entitlement to a judgment under the applicable law." *Dentist Ins. Co. v. Luke St. Marie Valley Dental Grp., P.L.L.C.*, 2022 WL 1984124 (W.D. Wash. Jun. 6, 2022) (citing *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 855 (9th Cir. 2007)).

The Court analyzes the second and third *Eitel* factors and concludes that these two factors alone justify denying Plaintiffs' motion for default judgment.

### A. Merits of Claim/Sufficiency of Complaint

Courts often analyze the second and third *Eitel* factors—"the substantive merits of the plaintiff's claim and the sufficiency of the plaintiff's complaint"—together. *Waters v. Mitchell*, 600 F. Supp. 3d 1177, 1183 (W.D. Wash. 2022). "For these two factors to weigh in favor of default judgment, the complaint's allegations must be sufficient to state a claim for relief." *Id.*

Under this standard, courts take well-pleaded factual allegations in the complaint as true. *Id.* But courts are not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When "the allegations in a complaint are not 'well-pleaded,' liability is not established by virtue of the defendant's default and default judgment should not be entered." *See Adobe Sys., Inc. v. Tilley*, 2010 WL 309249, at *3 (N.D. Cal. Jan. 19, 2010).

The Court notes that Plaintiffs allege additional facts in their motion for default judgment and supporting declaration and exhibits. *See* Dkt. # 114. But they cannot use these allegations to supplement the amended complaint. *See Waters*, 600 F. Supp. 3d at 1183. Accordingly, for its *Eitel* factor analysis, the Court considers only the allegations in the amended complaint.

1. RICO Pleading Requirements

The amended complaint lists RICO claims under 18 U.S.C. § 1962(c)-(d). Dkt. # 21 at 2. "To state a civil claim for violations of [Section] 1962(c), a plaintiff must allege '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as "predicate acts") (5)

causing injury to plaintiff's business or property.'" *United Energy Trading, LLC v. Pac. Gas & Elec. Co.*, 146 F. Supp. 3d 1122, 1138 (N.D. Cal. 2015) (quoting *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996)). And to state a claim for violation of Section 1962(d), the plaintiff must allege facts showing that the defendant "was aware of the essential nature and scope of the enterprise and intended to participate in it." *Baumer v. Pachl*, 8 F.3d 1341, 1346 (9th Cir. 1993) (quoting *United States v. Muskovsky*, 863 F.2d 1319, 1324 (7th Cir. 1988)).

Civil RICO fraud claims are subject to Rule 9(b)'s heightened pleading standard. *See Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1400 (9th Cir. 1986). Under Rule 9(b), "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To satisfy Rule 9(b), "the pleader must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber*, 806 F.2d at 1401. "In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, 'identify the role of each defendant in the alleged fraudulent scheme.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (quoting *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989)) (cleaned up).

"Mail and wire fraud contain the following elements: (1) formation of a scheme to defraud; (2) use of the United States mails or wires in furtherance of the scheme; and (3) specific intent to deceive or defraud." *Carey v. J.A.K.'s Puppies, Inc.*, 763 F. Supp. 3d 952, 982 (C.D. Cal. 2025). To state a claim,

> a plaintiff does not need to expressly allege that defendants "harbored a specific intent to deceive or defraud"; rather, a plaintiff may establish the intent element of mail or wire fraud by alleging "the existence of a scheme which was reasonably calculated to deceive persons of ordinary prudence and comprehension which is shown by examining the scheme itself."

*Id.* at 983 (quoting *Sun Sav. & Loan Ass'n v. Dierdorff*, 825 F.2d 187, 195-96 (9th Cir. 1987)) (cleaned up).

The Ninth Circuit has stated that "pleading requirements should be enforced strictly when default judgments are sought under RICO." *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1393 (9th Cir. 1988).

2. Application

Here, Plaintiffs fail to plead sufficient facts "from which the Court can infer the existence of a scheme with an intent to deceive." *See Jimenez v. Serv. Emps. Int'l Union Loc. 775*, 590 F. Supp. 3d 1349, 1361 (E.D. Wash. 2022), *aff'd*, 2023 WL 6971457 (9th Cir. Oct. 23, 2023) (dismissing a RICO claim for wire fraud because plaintiff did not "identify any facts indicating [Defendant] directed its employees to forge Plaintiff's signature, or that [Defendant] even knew of the alleged forgery when the membership card was transmitted"). Plaintiffs do not allege any facts indicating that First American directed or knew of the forgeries. *See* Dkt. # 21. Plaintiffs contend that language on the power of attorney stating that it should be returned to First American after it was recorded "establishes knowing participation in the preparation and transmission of a forged writing." Dkt. # 21 at 9. But without additional facts, the Court fails to see how First American's direction to return the document after recording, which was presumably meant to fulfill its alleged role as processor and custodian of documents, suggests that it knew the document was forged. The alleged facts do not "tend to exclude a plausible and innocuous alternative explanation" for First American's actions. *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 998 (9th Cir. 2014). Accordingly, because the Court

cannot infer the existence of a scheme with the intent to defraud, Plaintiffs have not sufficiently pleaded the requisite facts for a RICO claim predicated on mail and wire fraud.[1]

## IV

## CONCLUSION

The Court notes that it has already dismissed Plaintiffs' claims against most of the named Defendants in this case, and Plaintiffs have not filed for leave to amend the amended complaint. *See* Dkt. ## 72, 126. And the Court has found that Plaintiffs are vexatious litigants. Dkt. # 121. Furthermore, in addition to finding that the amended complaint fails to state a claim against First American, the Court finds the claim—like other claims and positions of Plaintiffs in this case—to appear frivolous. Accordingly, the Court concludes that amendment of the amended complaint would be futile. For the foregoing reasons, the Court DENIES Plaintiffs' motion for default judgment (Dkt. # 114). And the Court DISMISSES Plaintiffs' claims against First American with prejudice. *See* Fed. R. Civ. P. 12(b)(6); 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Dated this 2nd day of October, 2026.

John H. Chun
United States District Judge

[1] Plaintiffs also fail to properly support their request for $30,000,000 in damages. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *Bd. of Trs. Of the Boilermaker Vacation Tr. v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005).